EVAN C. NELSON, SBN 172957
enelson@brotherssmithlaw.com
BROTHERS SMITH LLP
2033 N. Main Street, Suite 720
Walnut Creek, California 94596
Telephone: 925 944 9700
Facsimile: 925 944 9701

Attorneys for Plaintiff
TAKASHI KATO, on behalf of and as legal
guardian for his minor child, K.K.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAKASHI KATO, on behalf of a minor child, K.K.<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, SARAH BARTLETT, JERRY BERKSON, and ROBERT ANDRADE,<br><br>Defendants | Case No. 5:26-CV-4078<br><br>**COMPLAINT FOR DAMAGES, DECL. RELIEF AND INJUNCTIVE RELIEF:**<br><br>**(1) Title IX Discrimination and Retaliation;**<br><br>**(2) Title VI Discrimination;**<br><br>**(3) Denial of Equal Education Opportunity;**<br><br>**(4) Discrimination (Cal. Educ. Code § 220);**<br><br>**(5) Violation of Cal. Educ. Code § 201(a);**<br><br>**(6) Discrimination in State Funded Program (Cal. Gov't Code § 11135(a));**<br><br>**(7) Violation of Cal. Educ. Code § 49066(a), (b);**<br><br>**(8) Educ. Code §§ 220, 262.3, and/or 262.4;**<br><br>**(9) 14th Amendment – Equal Protection**<br><br>**(10) 1st Amend. (Freedom of Speech/Petition)**<br><br>**(11) Violation of Cal. Const., Article I, § 7(a) (Due Process and Equal Protection)**<br><br>**(12) Violation of Cal. Const. Article I, § 31(a) (Prohibition of Discrimination)**<br><br>**(13) Violation of Cal. Const. Article I, § 1 (Inalienable Rights); and**<br><br>**(14) Violation of Cal. Const. Art. I, § 2(a) Liberty of Speech**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*
50763.001/823067.1

Plaintiff Takashi Kato, by and through his attorneys, Brothers Smith LLP, alleges as follows on behalf of, and as legal guardian for, his minor child K.K. against Defendants Palo Alto Unified School District, Sarah Bartlett, Jerry Berkson, and Robert Andrade:

**THE PARTIES**

1.      Plaintiff Takashi Kato ("Plaintiff") is, and at all times relevant to this action was, a resident of the State of California. Plaintiff brings this action on behalf of his son, K.K., a minor student at Palo Alto High School in Palo Alto, County of Santa Clara, California.

2.      Defendant Palo Alto Unified School District ("PAUSD" or the "District") is, and at all times relevant to this action was, a public school district with its principal place of business at 25 Churchill Avenue, Palo Alto, County of Santa Clara, California.

3.      Defendant Sarah Bartlett ("Bartlett") is, and at all times relevant to this action was, an individual residing in the State of California and employed as a 10th Grade English Teacher at Palo Alto High School, located in Palo Alto, County of Santa Clara, State of California.

4.      Defendant Jerry Berkson ("Berkson") is, and at all times relevant to this action was, an individual residing in the State of California and employed as Assistant Principal at Palo Alto High School, located in Palo Alto, County of Santa Clara, California.

5.      Defendant Robert Andrade ("Andrade") is, and at all times relevant to this action was, an individual residing in the State of California and employed as an administrator by PAUSD, with an office at 25 Churchill Avenue, Palo Alto, County of Santa Clara, California.

6.      PAUSD, Bartlett, Berkson, and Andrade are collectively referred to as "Defendants."

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 20 U.S.C. §§ 1681–1688 (Title IX), 42 U.S.C. §§ 2000d – 2000d-7 (Title VI); and other applicable federal laws including 20 U.S.C. § 1703(f). This Court also has jurisdiction under 28 U.S.C. § 1343(3) as certain claims arise under 42 U.S.C. § 1983.

8.  This Court has supplemental jurisdiction over the state law claims stated herein under 28 U.S.C. § 1367 since they are part of the same "case or controversy" as the federal claims, sharing a "common nucleus of operative facts" such that judicial efficiency will be promoted by hearing

**COMMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

all claims in the same action.

9. This Court has personal jurisdiction over Defendants because they are domiciled in California and the acts and omissions giving rise to the claims occurred within the State of California, specifically within Santa Clara County.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, including the alleged discriminatory grading practices, procedural violations, and related actions at Palo Alto High School.

## INTRADISTRICT ASSIGNMENT

11. Pursuant to Local Rule (L-R) 3-2, this matter should be assigned to the San Jose Division as a substantial part of the events or omissions giving rise to the claims occurred within Santa Clara County where K.K. resides and attends school where the alleged conduct occurred.

## STATEMENT OF FACTS

12. K.K. is a multilingual student enrolled in the 10th grade at Palo Alto High School.

13. On October 30, 2025, K.K. submitted his essay on "The Crucible" through the class workflow on Schoology.

14. The same essay was uploaded to Turnitin on November 13, 2025.

15. On or about December 10, 2025, before any teacher-initiated parent notice, Ms. Bartlett required K.K. to complete an in-class rewrite of the essay based on an AI concern arising from a Turnitin report.

16. On December 11, 2025, a grade labeled "Crucible essay rewrite 65/100" was posted for K.K.

17. On the evening of December 11, 2025, Takashi Kato emailed Ms. Bartlett requesting the basis for the grade, supporting documentation, the grading rubric, and a hold on finalizing the grade.

18. On December 15, 2025, Ms. Bartlett wrote that Turnitin had flagged 76% AI on K.K.'s essay, claimed a late Turnitin submission, referenced an alleged Grammarly "admission" by K.K., and asserted that the original essay would not have earned a high grade, even though she later admitted she did not grade the original essay.

50763.001/823067.1

- 3 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

19.    Ms. Bartlett described the rewrite as "without penalty."

20.    Neither of K.K.'s parents were contacted prior to the retake, and they were not given supporting documentation or afforded an opportunity to participate in or be informed of the decision-making process.

21.    Ms. Bartlett asserted that K.K. admitted using Grammarly in connection with the original paper, including alleged synonym assistance.

22.    K.K. denies admitting to the use of Grammarly, and contemporaneous evidence, including drafts, revision history, timestamps, and notes prepared outside class and at home, demonstrates that K.K. authored the work.

23.    On or about January 26, 2026, Takashi Kato submitted a 1,162-page Consolidated Evidentiary Packet documenting K.K.'s drafting and revision process, providing contemporaneous evidence substantially refuting the allegation that he used any unauthorized AI to research, outline, write, or revise the essay, including Ms. Bartlett's claim that he admitted to using Grammarly.

24.    Despite this evidence, the accusation of academic dishonesty was not withdrawn and was used to justify the compelled retake and resulting grade penalty.

25.    On December 17, 2025, Assistant Principal Berkson conditioned any action relating to Ms. Bartlett's grading on the family first producing an essay revision history.

26.    On January 5 and 7, 2026, Mr. Berkson refused independent grading of the original essay or the rewrite, minimized the importance of policy timeline requirements, and treated the parent's after-the-fact email as satisfying the teacher-notice step.

27.    Mr. Berkson allowed the punitive rewrite grade of 65 to remain the operative anchor for K.K.'s semester grade.

28.    On March 2, 2026, Mr. Berkson stated that Ms. Bartlett had only "assessed" the original essay and had not formally graded it.

29.    The family provided extensive evidence, including immediate December 11 materials, a 1,162-page Consolidated Evidentiary Packet on or about January 26, 2026, and direct viewer access to the native Google Doc revision history on February 6, 2026.

30.    Despite the evidence provided, the administration persisted as if essential materials

50763.001/823067.1                                  - 4 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

were lacking and missed the family's requested final resolution deadline of March 5, 2026, after the family had offered to accept a B grade to resolve the issue.

31.     K.K. had a low A or high B grade before the rewrite grade was imposed.

32.     The process imposed by Ms. Bartlett and the administration did not adhere to school board policies and procedures governing academic integrity determinations, due process, and appeals, including required steps of notifying the student and parent, providing the evidence relied upon, documenting the alleged violation, and offering a timely, impartial review.

33.     Adverse grading action was imposed before compliant teacher-to-parent notice, inverting the required sequence under Palo Alto High School's Academic Integrity Policy.

34.     The district refused a neutral grading of the original essay and kept the rewrite/65 as the practical anchor, while the original essay remained ungraded.

35.     The administration attempted to treat Takashi Kato's December 11, 2025, after-the-fact parent email as compliance with the teacher-notice step and minimized the chronology requirement integral to the policy's protections. Defendants improperly suggest that notice can be provided after punitive measures have already been taken rather than before, which is contrary to due process and the rules and policies applicable to Defendants.

36.     Ms. Bartlett's "without penalty" characterization is contradicted by the posted 65/100 grade and the material harm it caused to K.K.'s Semester 1 result.

37.     The alleged Grammarly use "admission" remains unproven and is expressly denied by K.K. and his father.

38.     Use of Turnitin's AI-writing detection output as dispositive or near-dispositive evidence resulted in unsupported academic-integrity / improper-AI-use claims against K.K. and at least one other Asian student subjected to materially similar punitive rewrite treatment, despite the absence of substantiated violation sufficient to justify a punitive rewrite or grade penalty.

39.     At least one other Asian student besides K.K. from Ms. Bartlett's class was subjected to the improper Turnitin usage with the punitive in class rewrite requirement and grade replacement.

40.     Both K.K. and the other Asian student received a grade of D on the retake, which lowered their semester grades.

50763.001/823067.1                                    - 5 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

41.     Most, if not all, students forced to take a rewrite in Ms. Bartlett's class received a similar D grade on the rewrite.

42.     Both K.K. and the other Asian student had high grades before being forced to take the rewrite exam with its predetermined D grade. In fact, the other Asian student who was subjected to the discriminatory improper-AI-use allegation and D grade rewrite had a 99% grade in the class before the punitive forced in class rewrite.

43.     Upon information and belief, male students were also 4 to 5 times as likely as female students to be subjected to the Turnitin assessment and punitive D grade rewrite.

44.     The Turnitin tool's output was treated as dispositive without educator-driven evaluation or a meaningful opportunity for the student to respond before sanctions were imposed.

45.     Academic and grade harm resulted from posting the rewrite/65 as the operative anchor and refusing a neutral grade of the original essay.

46.     There is a risk of formal or shadow academic dishonesty records affecting counseling, recommendations, internal summaries, or college admissions absent corrective action.

47.     The family incurred emotional and process harm from burden-shifting, delay, minimization of chronology, and reliance on the unproven Grammarly assertion.

48.     Following Takashi Kato's complaint on December 11, 2025, scrutiny of K.K. increased and biased process rationales were advanced.

49.     K.K. was placed under increased scrutiny by other teachers in an attempt to compile anecdotal support to justify the administration's previous actions.

50.     The sequence of scrutiny and administrative positions after the family complained supports concerns of retaliation and discriminatory treatment.

51.     The U.S. Department of Education Office for Civil Rights has issued guidance describing a scenario where a teacher falsely flags English Learners with an AI detector and disciplines them, stating this likely warrants a Title VI investigation for national-origin discrimination.

52.     Academic studies and university policies have questioned the reliability of AI detectors and identified bias against non-native English writers.

53.     Major universities have officially disabled or opted out of Turnitin's AI detector

Brothers Smith LLP
Attorneys At Law
Walnut Creek, CA

50763.001/823067.1                                              - 6 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

due to evidentiary and fairness concerns.

54.    The authority for the grade determination and process was not provided by Mr. Berkson or Mr. Andrade, despite repeated requests.

55.    The administration missed the family's requested March 5, 2026, final resolution deadline after the family offered to accept a B grade to resolve the matter.

56.    On March 12, 2026, counsel was retained to protect K.K.'s and his family's rights and emailed Defendant Berkson requesting that he be allowed to discuss these matters involving apparent discriminatory due process violations with the District's counsel.

57.    Mr. Berkson responded by claiming that the District's counsel was in legal proceedings and could not immediately reply. Robert Andrade was presented as the District's legal counsel despite not being an attorney. It was then represented that undisclosed outside legal counsel from the "DWK" law firm would contact Plaintiff's counsel "at his convenience" but when the law office of Dannis Woliver Kelley (known as "DWK" in education law circles) was contacted they had no information about the matter and could not direct counsel to a specific lawyer handling the matter.

58.    Immediately following counsel's request to discuss the discriminatory due process violations with the District's counsel, Defendant Berkson's email containing his untimely "report" was transmitted on March 16, 2026 without a neutral or complete discussion of the issues and evidence.

59.    Berkson's report does not meaningfully discuss or engage with the 1,162-page submission documenting K.K.'s drafting and revision process, which provides contemporaneous evidence substantially refuting the allegation that K.K. used unauthorized AI to research, outline, write, or revise the essay, including Ms. Bartlett's claim that he admitted to using Grammarly.

60.    The report reiterates Ms. Bartlett's accusation that K.K. purportedly admitted to having used Grammarly without discussing K.K.'s or his father's express denials and refutation of Ms. Bartlett's reported Grammarly use admission.

61.    The report fails to discuss the weight of authority from major universities and the United States Department of Education Office for Civil Rights' guidance regarding the risks of discriminatory impact from use of AI-detection tools, particularly with multi-lingual students.

50763.001/823067.1                                  - 7 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

62.    Defendant Berkson also admitted in his report that he took two separate handwritten exams (K.K.'s rewrite and his initial final exam), had a school secretary manually type them up, and ran them through Turnitin without apprising Plaintiff or obtaining consent and without providing Plaintiff any opportunity to address the purported results of this additional "testing". This further illustrates Defendants' malicious targeting, confirmation bias, and abnormal obsession attempting to justify use of Turnitin against the weight of authority from major universities and the U.S. Department for Education Office of Civil Rights' guidance.

63.    Defendant Berkson also mentions privileged, highly sensitive private student medical information in his report, which also suggests retaliatory intent.

64.    Counsel then repeatedly requested confirmation from Defendants regarding what policies or procedures were being followed for issuance of Defendant Berkson's report. Defendants continuously ignored these requests for identification of the policies and procedures governing the issue and/or otherwise refused to provide that information as required under proper due process relating to administrative procedures and processes.

65.    The process appears to have been conducted pursuant to PAUSD Administrative Regulation 5125.3 (5125.3 AR) and Education Code §§ 49066 and 49070, but Defendants have still refused to identify the policies followed or processes used.

66.    Defendant District has a pattern and practice of not following its policies and administrative regulations and not disclosing the specific procedures or processes being applied, even though due process mandates such adherence and disclosure. The District employs this due process-violative strategy to leave matters "open-ended" so that they can try to justify actions after-the-fact. Such due process-violative strategic practices also indicate retaliatory intent.

67.    On March 30, 2026, Plaintiff submitted his appeal of the decisions contained in Berkson's March 16, 2026 "report" to ensure that Plaintiff did not miss any deadlines imposed by yet undisclosed policies or procedures under which Defendants might claim they were operating.

68.    As part of his appeal, Plaintiff submitted a Uniform Complaint Procedure ("UCP") complaint detailing the discriminatory policies, including use of Turnitin's known susceptibility to discriminatory impact for multi-lingual students such as K.K.

69.    As part of his appeal, Plaintiff also submitted a UCP complaint detailing the

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

50763.001/823067.1                                                      - 8 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

breach of professional standards by Defendants Bartlett, Berkson and Andrade by the manner in which they mishandled the entire matter from start to finish, which does not adhere to any of the established District policies or procedures that are supposed to govern.

70.    Revision of the final grade back to the earned "B" grade and elimination of any reference or implication of academic dishonesty from the student's school record is required to avoid further harm to the student.

71.    On April 23, 2026, an email was received from the District's counsel stating: "The District is unable to offer a manner in which to resolve the grade change matter." This appeal denial came without a hearing before the Board of Education (or a designated neutral panel), which is required to be provided within 30 days.

72.    Under Education Code §49070, the District was required either to provide the parent-record meeting required for a written pupil-record correction/removal request within 30 days, or, if the March 30 submission was treated as an appeal from the March 16 determination, to have the Board meet in closed session within 30 days of receiving the appeal. The District did neither. The 30-day period expired on April 29, 2026.

73.    Plaintiff has exhausted all reasonable efforts to obtain administrative remedy. In light of the pre-hearing denial of the appeal referenced in counsel's April 23, 2026 communication – "The District is unable to offer a manner in which to resolve the grade change matter" – combined with Defendants' refusal to define the rules and procedures being followed, any attempt to revive administrative appeals would be futile for Plaintiff.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Discrimination in Education in violation of Title IX and related retaliation)

### (Against All Defendants)

74.    Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

75.    Defendants discriminated against Plaintiff's son, a multilingual student, in the administration of educational programs and grading, including through the use of AI-based plagiarism detection tools in a manner that disproportionately and adversely impacted male students who upon information and belief were 4 to 5 times as likely as female students to be

50763.001/823067.1                                    - 9 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

subjected to the improper Turnitin usage and punitive D grade rewrites.

76.     Defendants then retaliated against Plaintiff and his son for protected complaints regarding such discrimination.

77.     As a result of Defendants' conduct, Plaintiff has suffered academic harm, emotional distress, and the risk of adverse academic records, and seeks equitable relief and damages as permitted by law.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 2000d – Title VI: Discrimination under Federally Assisted Programs)**

**(Against All Defendants)**

78.     Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

79.     Defendants operate a program or activity receiving federal financial assistance and, by their actions, excluded Plaintiff's son from participation in, denied him the benefits of, and subjected him to discrimination on the basis of national origin and language status.

80.     As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under Title VI.

**THIRD CAUSE OF ACTION**

**(Violation of 20 U.S.C. § 1703(f) – Denial of Equal Educational Opportunity)**

**(Against All Defendants)**

81.     Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

82.     Defendants failed to take appropriate action to overcome language barriers that impeded equal participation by Plaintiff's son in instructional programs and instead imposed adverse grading and disciplinary measures based on language-related bias.

83.     As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under 20 U.S.C. § 1703(f).

**FOURTH CAUSE OF ACTION**

**(Cal. Educ. Code § 220 – Discrimination Prohibited)**

**(Against All Defendants)**

84.     Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

85.     Defendants, as part of a public school district, discriminated against Plaintiff's son

50763.001/823067.1

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

in educational programs and activities on the basis of national origin and language status, in violation of California Education Code § 220.

86.    As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under Cal. Educ. Code § 220.

**FIFTH CAUSE OF ACTION**

**(Violation of Cal. Educ. Code § 201(a) – Legislative Declarations and Intent)**

**(Against All Defendants)**

87.    Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

88.    Defendants' conduct contravened the legislative intent and declarations of California Education Code § 201(a) by failing to ensure equal rights and opportunities for all students regardless of national origin or language status.

89.    As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under Cal. Educ. Code § 201(a).

**SIXTH CAUSE OF ACTION**

**(Violation of Cal. Gov't Code § 11135(a) – Discrimination in State-Funded Programs)**

**(Against All Defendants)**

90.    Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

91.    Defendants, as recipients of state funding, discriminated against Plaintiff's son on the basis of national origin and language status in violation of California Government Code § 11135(a).

92.    As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under Cal. Gov't Code § 11135(a).

**SEVENTH CAUSE OF ACTION**

**(Violation of Cal. Educ. Code § 49066(a), (b) – Grades; Finalization; Change of Grade)**

**(Against All Defendants)**

93.    Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

94.    Defendants failed to comply with the requirements of California Education Code § 49066(a), (b) by imposing and finalizing grades without proper notice, documentation, or impartial review, and by refusing to correct or neutral grade the original essay as required by law

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

50763.001/823067.1

- 11 -

and policy. The discrimination-based forced rewrite and predetermined "65" score and resulting grade harm were the product of bad faith, fraud, and/or incompetency, including procedural inversion, failure to formally grade the original essay, refusal of neutral review, maintenance of disputed factual allegations, and use of an invalid punitive substitute assessment.

95. As a result of Defendants' conduct, Plaintiff has suffered academic harm and seeks all available relief under California Education Code sections 49066 and 49070 including but not limited to correction and expungement of student records.

**EIGHTH CAUSE OF ACTION**

**(Violation of Cal. Educ. Code §§ 220, 262.3, and/or 262.4 – Discrimination Prohibited)**

**(Against All Defendants)**

96. Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

97. Defendants discriminated against Plaintiff's son in violation of California Education Code §§ 220, 262.3 and/or 262.4 by failing to ensure a learning environment free from discrimination based on national origin and language status.

98. As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under California Education Code §§ 220, 262.3 and/or 262.4.

**NINTH CAUSE OF ACTION**

**(42 U.S.C. § 1983 Violation of 14th Amendment– Equal Protection / Due Process)**

**(Against All Defendants)**

99. Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

100. Defendants, acting under color of state law, deprived K.K. of equal protection and due process by imposing adverse grading and disciplinary actions based on national origin and language status, and by failing to provide fair notice and opportunity to respond.

101. As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under the Fourteenth Amendment.

**TENTH CAUSE OF ACTION**

**(42 U.S.C. § 1983 Violation of 1st Amendment – Retaliation / Speech and Petition)**

**(Against All Defendants)**

102. Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

103. Defendants retaliated against Plaintiff and his son for protected speech and petitioning activity, including complaints regarding discriminatory grading and process, in violation of the First Amendment.

104. As a result of Defendants' conduct, Plaintiff has suffered harm and seeks all available relief under the First Amendment.

## ELEVENTH CAUSE OF ACTION

### (Violation of Cal. Const. art. I, § 7(a) – Due Process and Equal Protection)

### (Against All Defendants)

105. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 73, as if fully set forth herein.

106. Defendants deprived Plaintiff's son of due process and equal protection under California Constitution, article I, section 7(a), by imposing adverse grading and discipline without fair notice, opportunity to respond, or impartial review, and by discriminating based on national origin and language status.

107. As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under the California Constitution.

## TWELFTH CAUSE OF ACTION

### (Violation of Cal. Const. art. I, § 31(a) – Prohibition of Discrimination)

### (Against All Defendants)

108. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 73, as if fully set forth herein.

109. Defendants discriminated against Plaintiff's son in public education on the basis of national origin and language status, in violation of California Constitution, article I, section 31(a).

110. As a result of Defendants' conduct, Plaintiff has suffered academic and related harm and seeks all available relief under the California Constitution.

## THIRTEENTH CAUSE OF ACTION

### (Violation of Cal. Const. art. I, § 1 – Inalienable Rights)

### (Against All Defendants)

111. Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

50763.001/823067.1
- 13 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

112.    Defendants' actions deprived Plaintiff's son of his inalienable rights to pursue and obtain safety, happiness, and privacy in the educational context, as guaranteed by California Constitution, article I, section 1.

113.    As a result of Defendants' conduct, Plaintiff has suffered harm and seeks all available relief under the California Constitution.

**FOURTEENTH CAUSE OF ACTION**

**(Violation of Cal. Const. art. I, § 2(a) – Liberty of Speech)**

**(Against All Defendants)**

114.    Plaintiff repeats and realleges paragraphs 1 through 73, as if fully set forth herein.

115.    Defendants retaliated against Plaintiff and his son for protected speech and complaints regarding discriminatory grading and process, in violation of California Constitution, article I, section 2(a).

116.    As a result of Defendants' conduct, Plaintiff has suffered harm and seeks all available relief under the California Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Takashi Kato respectfully requests that this Court enter judgment in his favor and against Defendants Palo Alto Unified School District, Sarah Bartlett, Jerry Berkson, and Robert Andrade, and each of them, as follows:

1.    Declare that Defendants Palo Alto Unified School District violated Plaintiff's and his son's rights under Title IX, Title VI, 20 U.S.C. § 1703(f), 42 U.S.C. § 1983, Cal. Education Code §§ 220, 201(a), 262.3, 262.4, 49066, 49070, Cal. Government Code § 11135(a), the U.S. Constitution, and the California Constitution, as set forth in the causes of action above.

2.    Enjoin Defendants Palo Alto Unified School District, Sarah Bartlett, Jerry Berkson, and Robert Andrade from engaging in further discrimination, retaliation, or adverse action against Plaintiff or his son on the basis of national origin, language status, or protected activity, and require Defendants to implement nondiscriminatory grading and disciplinary practices, including prohibiting reliance on AI-based plagiarism detection tools as dispositive evidence without educator review and meaningful opportunity for student and parent response.

3.    Pursuant to Education Code §§ 49066, 49070 allowing correction and

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

50763.001/823067.1                                                - 14 -

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

expungement of student records, direct Defendants Palo Alto Unified School District, Sarah Bartlett, Jerry Berkson, and Robert Andrade to vacate the compelled retake sanction and the resulting D grade on the essay and C grade for the semester; restore K.K.'s original submission for grading by an independent educator using established rubrics, or, alternatively, remove the assessment from the student's record without penalty, and provide written confirmation that no finding of academic dishonesty will be recorded or reported for K.K., and remove any notations already made, including but not limited to any such references in official records, informal records, shadow records, internal notes, administrative summaries, counselor-facing notes, teacher-facing notes, recommendation-facing materials, school-report disclosures, college-facing communications, and any future oral or written reference suggesting academic dishonesty, improper AI use, Grammarly admission, or similar misconduct.

4.     Award Plaintiff Takashi Kato compensatory damages against Defendant District, including but not limited to damages for academic harm, emotional distress to the extent permitted by law, and related injuries, in an amount to be determined at trial.

5.     Award Plaintiff Takashi Kato reasonable attorneys' fees and costs as permitted by 42 U.S.C. §1988, California Code of Civil Procedure §1021.5, and other applicable law, including expert witness fees where separately recoverable by statute, rule, or court order.

6.     Award Plaintiff Takashi Kato prejudgment and post-judgment interest at the maximum rate permitted by law.

7.     Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands and requests a trial by jury on all claims asserted herein.

Dated:  May 5, 2026                    **BROTHERS SMITH LLP**

By:     */s/ Evan C. Nelson*
        Evan C. Nelson
        Attorneys for Plaintiff TAKASHI KATO, on
        behalf of a minor student K.K.

**COMPLAINT FOR DAMAGES; DECL. RELIEF; INJUNCTIVE RELIEF**
*KATO V. PALO ALTO UNIFIED SCH. DIST., ET AL. CASE NO. 5:26-CV-4078*