.92796

ADAM J. DAVIS – SBN 275964
**DAVIS, BENGTSON & YOUNG, APLC**
1960 The Alameda, Suite 210
San Jose, CA 95126
Phone:  669.245.4200
E-Service: adavis@dby-law.com
              mnery@dby-law.com

Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL
DISTRICT; SARAH BARTLETT;
JERRY BERKSON; and
ROBERT ANDRADE

*No Filing Fee For A Public Entity Or
Its Employees [Gov. Code §6103]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TAKASHI KATO, on behalf of and as legal guardian for his minor child, K.K.

        Plaintiff,

        v.

PALO ALTO UNIFIED SCHOOL
DISTRICT, SARAH BARTLETT, JERRY
BERKSON, and ROBERT ANDRADE,

        Defendants.

**Case No. 5:26-cv-04078-BLF**
*Assigned to Hon. Beth
Labson Freeman*

**DEFENDANTS' ANSWER TO
COMPLAINT**

**DEMAND FOR JURY TRIAL**

        Defendants PALO ALTO UNIFIED SCHOOL DISTRICT, SARAH BARTLETT, JERRY BERKSON, and ROBERT ANDRADE (collectively, "Defendants") answer the Complaint for Damages, Declaratory Relief and Injunctive Relief ("Complaint") of K.K., a minor, by his father, Takashi Kato, on file herein as follows:

**THE PARTIES**

        1.      Answering the allegations in Paragraph 1 of the Complaint, Defendants admit that Plaintiff Takashi Kato is a resident of the State of California and that K.K. is a student at Palo Alto High School in Palo Alto, County of Santa Clara, California. The remaining allegations of Paragraph 1, including the allegation that Plaintiff brings this action in a

.92796

representative capacity as legal guardian on behalf of K.K., state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

2-6.   Answering the allegations in Paragraphs 2 through 6 of the Complaint, Defendants admit the allegations contained in Paragraphs 2 through 6.

## JURISDICTION AND VENUE

7-10.   Answering the allegations in Paragraphs 7 through 10 of the Complaint, Defendants state that these paragraphs set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's federal claims for relief and that venue is proper in this District, and deny the remaining allegations, including any allegation or implication of wrongdoing by Defendants.

## INTRADISTRICT ASSIGNMENT

11.   Answering the allegations in Paragraph 11 of the Complaint, Defendants assert that the allegations in Paragraph 11 do not contain allegations to which a response is required. To the extent that a response may nonetheless be deemed required, Defendants admit the allegations contained in Paragraph 11.

## STATEMENT OF FACTS

12.   Answering the allegations in Paragraph 12 of the Complaint, Defendants admit that K.K. was enrolled in 10th grade at Palo Alto High School. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, on that basis, deny the same.

13-14. Answering the allegations in Paragraphs 13 and 14 of the Complaint, Defendants admit the allegations contained in Paragraphs 13 and 14.

15.   Answering the allegations in Paragraph 15 of the Complaint, Defendants admit that K.K. was required to rewrite an essay based on an AI concern. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to

.92796

the truth of the remaining allegations in Paragraph 15 of the Complaint and, on that basis, deny the same.

16-17. Answering the allegations in Paragraphs 16 and 17 of the Complaint, Defendants admit the allegations in Paragraphs 16 and 17.

18. Answering the allegations in Paragraph 18 of the Complaint, Defendants admit that Ms. Bartlett communicated the AI concern involving K.K. to Takashi Kato. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, on that basis, deny the same.

19-20. Answering the allegations in Paragraphs 19 and 20 of the Complaint, Defendants deny the allegations in Paragraphs 19 and 20.

21. Answering the allegations in Paragraph 21 of the Complaint, Defendants admit the allegations in Paragraph 21.

22. Answering the allegations in Paragraph 22 of the Complaint, Defendants admit that K.K. denied wrongdoing. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and, on that basis, deny the same.

23. Answering the allegations in Paragraph 23 of the Complaint, Defendants admit that on or about January 26, 2026, Takashi Kato submitted a voluminous document packet concerning K.K.'s essay. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 23 of the Complaint, including the characterization of the packet's contents and claimed evidentiary effect.

24. Answering the allegations in Paragraph 24 of the Complaint, Defendants deny the allegations in Paragraph 24.

25-28. Answering the allegations in Paragraphs 25 through 28 of the Complaint, Defendants admit that Mr. Berkson communicated with K.K.'s family regarding the grading dispute on or about the dates alleged. Except as expressly admitted herein, Defendants

.92796

deny the remaining allegations in Paragraphs 25 through 28 of the Complaint, including Plaintiff's characterizations of those communications.

29. Answering the allegations in Paragraph 29 of the Complaint, Defendants admit that the family provided certain materials on or about the dates alleged. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30-50. Answering the allegations in Paragraphs 30 through 50 of the Complaint, Defendants deny the allegations in Paragraphs 30 through 50.

51-53. Answering the allegations in Paragraphs 51 through 53 of the Complaint, Defendants state that these paragraphs purport to characterize published guidance, academic studies, and third-party policies. Defendants deny the allegations to the extent they mischaracterize or incompletely describe those materials, deny that those materials have the significance Plaintiff ascribes to them, and deny any remaining allegations in Paragraphs 51 through 53.

54-55. Answering the allegations in Paragraphs 54 through 55 of the Complaint, Defendants deny the allegations in Paragraphs 54 through 55.

56. Answering the allegations in Paragraph 56 of the Complaint, Defendants admit that on or about March 12, 2026, counsel for Plaintiff contacted Defendant Berkson. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

57. Answering the allegations in Paragraph 57 of the Complaint, Defendants deny the allegations in Paragraph 57.

58. Answering the allegations in Paragraph 58 of the Complaint, Defendants admit that Mr. Berkson transmitted a written report by email on or about March 16, 2026. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 58 of the Complaint, including Plaintiff's characterizations of the report.

59-66. Answering the allegations in Paragraphs 59 through 66 of the Complaint, Defendants deny the allegations in Paragraphs 59 through 66.

.92796

67-69. Answering the allegations in Paragraphs 67 through 69 of the Complaint, Defendants admit that on or about March 30, 2026, Plaintiff submitted an appeal and complaint materials to the District. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraphs 67 through 69 of the Complaint, including Plaintiff's characterizations of those submissions.

70. Answering the allegations in Paragraph 70 of the Complaint, Defendants deny the allegations in Paragraph 70.

71. Answering the allegations in Paragraph 71 of the Complaint, Defendants admit that on or about April 23, 2026, counsel for the District sent an email stating that the District was unable to offer a manner in which to resolve the grade change matter. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 71 of the Complaint, including the allegation that any hearing was required.

72-73. Answering the allegations in Paragraphs 72 through 73 of the Complaint, Defendants deny the allegations in Paragraphs 72 through 73.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Discrimination in Education in Violation of Title IX and Related Retaliation)**

**(Against All Defendants)**

74. Answering the allegations in Paragraph 74 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 73 of this Answer as though fully set forth herein.

75-77. Answering the allegations in Paragraphs 75 through 77 of the Complaint, Defendants deny the allegations in Paragraphs 75 through 77.

/ / /

/ / /

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 2000d – Title VI Discrimination Under Federally Assisted Program)**

**(Against All Defendants)**

78.   Answering the allegations in Paragraph 78 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 77 of this Answer as though fully set forth herein.

79-80. Answering the allegations in Paragraphs 79 through 80 of the Complaint, Defendants deny the allegations in Paragraphs 79 through 80.

**THIRD CAUSE OF ACTION**

**(Violation of 20 U.S.C. § 1703(f) – Denial of Equal Educational Opportunity)**

**(Against All Defendants)**

81.   Answering the allegations in Paragraph 81 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 80 of this Answer as though fully set forth herein.

82-83. Answering the allegations in Paragraphs 82 through 83 of the Complaint, Defendants deny the allegations in Paragraphs 82 through 83.

**FOURTH CAUSE OF ACTION**

**(Cal. Educ. Code § 220 – Discrimination Prohibited)**

**(Against All Defendants)**

84.   Answering the allegations in Paragraph 84 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 83 of this Answer as though fully set forth herein.

85-86. Answering the allegations in Paragraphs 85 through 86 of the Complaint, Defendants deny the allegations in Paragraphs 85 through 86.

**FIFTH CAUSE OF ACTION**

**(Violation of Cal. Educ. Code § 201(a) – Legislative Declarations and Intent)**

**(Against All Defendants)**

.92796

87.    Answering the allegations in Paragraph 87 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 86 of this Answer as though fully set forth herein.

88-89. Answering the allegations in Paragraphs 88 through 89 of the Complaint, Defendants deny the allegations in Paragraphs 88 through 89.

**SIXTH CAUSE OF ACTION**

**(Violation of Cal. Gov't Code § 11135(a) – Discrimination in State-Funded Programs)**

**(Against All Defendants)**

90.    Answering the allegations in Paragraph 90 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 89 of this Answer as though fully set forth herein.

91-92. Answering the allegations in Paragraphs 91 through 92 of the Complaint, Defendants deny the allegations in Paragraphs 91 through 92.

**SEVENTH CAUSE OF ACTION**

**(Violation of Cal. Educ. Code § 49066(a), (b) – Grades; Finalization; Change of Grade)**

**(Against All Defendants)**

93.    Answering the allegations in Paragraph 93 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 92 of this Answer as though fully set forth herein.

94-95. Answering the allegations in Paragraphs 94 through 95 of the Complaint, Defendants deny the allegations in Paragraphs 94 through 95.

**EIGHTH CAUSE OF ACTION**

**(Violation of Cal. Educ. Code §§  220, 262.3, and/or 262.4 – Discrimination Prohibited)**

**(Against All Defendants)**

/ / /

/ / /

.92796

96.    Answering the allegations in Paragraph 96 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 95 of this Answer as though fully set forth herein.

97-98. Answering the allegations in Paragraphs 97 through 98 of the Complaint, Defendants deny the allegations in Paragraphs 97 through 98.

## NINTH CAUSE OF ACTION

### (42 U.S.C. § 1983 Violation of 14th Amendment – Equal Protection / Due Process)

### (Against All Defendants)

99.    Answering the allegations in Paragraph 99 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 98 of this Answer as though fully set forth herein.

100-101. Answering the allegations in Paragraphs 100 through 101 of the Complaint, Defendants deny the allegations in Paragraphs 100 through 101.

## TENTH CAUSE OF ACTION

### (42 U.S.C. § 1983 Violation of 1st Amendment – Retaliation / Speech and Petition)

### (Against All Defendants)

102.    Answering the allegations in Paragraph 102 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 101 of this Answer as though fully set forth herein.

103-104. Answering the allegations in Paragraphs 103 through 104 of the Complaint, Defendants deny the allegations in Paragraphs 103 through 104.

## ELEVENTH CAUSE OF ACTION

### (Violation of Cal. Const. art. I, § 7(a) – Due Process and Equal Protection)

### (Against All Defendants)

105.    Answering the allegations in Paragraph 105 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 104 of this Answer as though fully set forth herein.

/ / /

106-107. Answering the allegations in Paragraphs 106 through 107 of the Complaint, Defendants deny the allegations in Paragraphs 106 through 107.

## TWELFTH CAUSE OF ACTION

### (Violation of Cal. Const. art. I, § 31(a) – Prohibition of Discrimination)

### (Against All Defendants)

108.    Answering the allegations in Paragraph 108 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 107 of this Answer as though fully set forth herein.

109-110. Answering the allegations in Paragraphs 109 through 110 of the Complaint, Defendants deny the allegations in Paragraphs 109 through 110.

## THIRTEENTH CAUSE OF ACTION

### (Violation of Cal. Const. art. I, § 1 – Inalienable Rights)

### (Against All Defendants)

111.    Answering the allegations in Paragraph 111 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 110 of this Answer as though fully set forth herein.

112-113. Answering the allegations in Paragraphs 112 through 113 of the Complaint, Defendants deny the allegations in Paragraphs 112 through 113.

## FOURTEENTH CAUSE OF ACTION

### (Violation of Cal. Const. art. I, § 2(a) – Liberty of Speech)

### (Against All Defendants)

114.    Answering the allegations in Paragraph 114 of the Complaint, Defendants allege and incorporate Paragraphs 1 through 113 of this Answer as though fully set forth herein.

115-116. Answering the allegations in Paragraphs 115 through 116 of the Complaint, Defendants deny the allegations in Paragraphs 115 through 116.

/ / /

/ / /

.92796

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought by the Complaint. Defendants deny all allegations and suggestions of wrongdoing on their part that would give rise to a legally cognizable claim for relief against them, that would support an award of damages of any kind, or that would support a claim for attorneys' fees.

## AFFIRMATIVE DEFENSES

Defendants, without assuming any burden of proof that would otherwise rest upon Plaintiff, hereby assert the following separate and affirmative defenses to the Complaint, and to each claim for relief alleged therein:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim – Fed. R. Civ. P. 12(b)(6) / 12(c))

The Complaint, and each claim for relief alleged therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendants, or any of them.

## SECOND AFFIRMATIVE DEFENSE

## (Eleventh Amendment Sovereign Immunity)

Defendant Palo Alto Unified School District is an arm of the State of California, and the individual Defendants are state officials acting in their official capacities. Accordingly, Plaintiff's claims for damages under 42 U.S.C. § 1983, the California Constitution, and California statutory law are barred in federal court by the sovereign immunity guaranteed under the Eleventh Amendment to the United States Constitution. In addition, the Eleventh Amendment bars Plaintiff's state law claims against the District in federal court, including claims for declaratory and injunctive relief grounded in state law.

## THIRD AFFIRMATIVE DEFENSE

## (Defendants are Not "Persons" Under Section 1983)

To the extent Plaintiff seeks monetary damages or retroactive relief, neither Defendant Palo Alto Unified School District, nor the individual Defendants acting in their official capacities, constitute a "person" subject to liability under 42 U.S.C. § 1983.

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

The individual Defendants (Sarah Bartlett, Jerry Berkson, and Robert Andrade) are immune from liability for civil damages because their alleged conduct did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. At all times, their actions were discretionary, objective, and legally reasonable under prevailing law.

## FIFTH AFFIRMATIVE DEFENSE

### (California Statutory Immunities)

Plaintiff's state law claims are barred, in whole or in part, by the immunities afforded to public entities and public employees under the Government Code and California law, including without limitation Government Code § 815 (a public entity is not liable for an injury except as otherwise provided by statute), Government Code § 815.2(b) (a public entity is not liable for an injury resulting from an act or omission of an employee where the employee is immune from liability), Government Code § 818.8 (public entity immunity for misrepresentation), Government Code § 820.2 (immunity of public employees for discretionary acts), Government Code § 821.6 (immunity for acts in connection with the institution or prosecution of a judicial or administrative proceeding), and Government Code § 822.2 (public employee immunity for misrepresentation).

## SIXTH AFFIRMATIVE DEFENSE

### (Government Claims Act Non-Compliance)

Plaintiff's state law statutory and constitutional claims for money damages against the District and its employees are barred, in whole or in part, because Plaintiff failed to comply with the California Government Claims Act (Cal. Gov. Code § 910, et seq.) prior to initiating this action.

/ / /

/ / /

/ / /

.92796

## SEVENTH AFFIRMATIVE DEFENSE

### (No Private Right of Action for Damages)

The Eleventh, Twelfth, Thirteenth, and Fourteenth Causes of Action under the California Constitution, and the Fifth Cause of Action under California Education Code § 201(a), fail as a matter of law because these constitutional and statutory provisions do not create an independent private right of action for compensatory money damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Monell Custom, Policy, or Practice)

Defendant Palo Alto Unified School District cannot be held liable under 42 U.S.C. § 1983 because the Complaint fails to plausibly allege that any purported constitutional deprivation resulted from an official municipal policy, persistent custom, or widespread practice authorized or ratified by a final District policymaker.

## NINTH AFFIRMATIVE DEFENSE

### (No Individual Liability Under Title IX, Title VI, and the EEOA)

Plaintiff's First, Second, and Third Causes of Action fail against individual Defendants Sarah Bartlett, Jerry Berkson, and Robert Andrade because individual-capacity liability is legally unavailable under Title IX (20 U.S.C. § 1681), Title VI (42 U.S.C. § 2000d), and the Equal Educational Opportunities Act (20 U.S.C. § 1703(f)), which apply to institutional recipients of federal financial assistance and educational agencies, not to individual employees.

## TENTH AFFIRMATIVE DEFENSE

### (Intentional Discrimination Required; No Private Disparate-Impact Claim)

To the extent Plaintiff's Title VI or Title IX claims rely on theories of disparate impact stemming from the operational deployment of Turnitin or AI-detection software, such claims are barred because private litigants cannot maintain a claim for disparate impact under these Spending Clause statutes, which require a showing of intentional discrimination. (*Alexander v. Sandoval*, 532 U.S. 275 (2001).)

/ / /

.92796

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exclusion of Emotional Distress Damages)

Plaintiff's prayers for emotional distress and related non-economic damages under the First Cause of Action (Title IX) and Second Cause of Action (Title VI) are foreclosed and barred under controlling federal precedent establishing that emotional distress damages are not recoverable under Spending Clause statutes. (*Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022).)

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff Takashi Kato lacks individual standing to personally recover compensatory out-of-pocket damages or personal injuries in this litigation, as he has brought this action solely in a representative capacity as the legal guardian on behalf of his minor child, K.K.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Obtain Appointment Under Rule 17(c))

To the extent Plaintiff seeks to prosecute claims belonging to his minor child, K.K., the action may not proceed absent the appointment of a duly authorized representative or guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c) and applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statutory Academic Deference – Cal. Educ. Code § 49066)

The Seventh Cause of Action seeking a grade change is barred because California law vests exclusive, autonomous grading authority in the classroom teacher. In the absence of a showing of clerical mistake, fraud, bad faith, or incompetency, this Court must defer to the academic determination of the educator, and the grade remains final.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies – State Law Claims)

Plaintiff's state law claims are barred, in whole or in part, because Plaintiff failed to exhaust mandatory administrative procedures, appeals, prerequisites, and remedies,

.92796

including those provided by the District's Uniform Complaint Procedures and California Education Code § 262.3 before filing the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Legitimate, Nondiscriminatory, and Nonretaliatory Reasons)

To the extent Defendants took the actions alleged, those actions were undertaken in good faith, for legitimate, nondiscriminatory, and nonretaliatory educational and academic-integrity reasons, and the same actions would have been taken irrespective of any protected characteristic or any protected activity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate, minimize, or avoid the damages alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff is not entitled to recover punitive or exemplary damages against Defendant Palo Alto Unified School District under California Government Code § 818 or under 42 U.S.C. § 1983. (*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).) Any claim for punitive damages against the individual Defendants would likewise be barred to the extent the conduct alleged does not rise to the level of malice, oppression, or reckless or callous indifference required by law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands and Laches)

Plaintiff's claims for equitable relief, including the requested grade restoration, record expungement, and injunctive relief, are barred, in whole or in part, by the doctrines of unclean hands and laches, including to the extent the evidence establishes that K.K. engaged in the academic conduct at issue.

/ / /

/ / /

.92796

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

Defendants currently lack sufficient information and belief to determine whether additional affirmative defenses may apply. Defendants expressly reserve the right to amend this Answer to assert any further separate defenses that may become known through the course of investigation, document production, and discovery.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby demand a trial by jury on all claims and issues so triable.

DATED:  June 12, 2026

**DAVIS, BENGTSON & YOUNG, APLC**

By */s/ Adam J. Davis*
Adam J. Davis
Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL
DISTRICT, SARAH BARTLETT,
JERRY BERKSON, and
ROBERT ANDRADE

.92796

### CERTIFICATE OF SERVICE
Northern District Case No 5:26-cv-04078-BLF

I, the undersigned, say:

I am a citizen of the United States.  My business address is 1960 The Alameda, Suite 210, San Jose, CA  95126.  I am employed with Davis Bengtson & Young, APLC in the County of Santa Clara, where this service occurs.  I am over the age of 18 years, and not a party to the within matter.  On the date set forth below, I served the attached document(s) described as follows:

### DEFENDANTS' ANSWER TO COMPLAINT

on the following person(s) in this action by providing a true copy thereof, to the following:

| | |
|---|---|
| Evan C. Nelson<br>BROTHERS SMITH LLP<br>2033 N. Main Street, Suite 720<br>Walnut Creek, California 94596<br>EMAIL: enelson@brotherssmithlaw.com | Attorney for Plaintiff |

[**XX**] **BY E-SERVICE** in conjunction with E-Filing the document(s) listed above through the Court's CM/ECF system, which effects electronic service on counsel and parties who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on June 12, 2026.

*/s/ Mariela Nery*
Mariela Nery